J^JAMES L. CANNELLA, Judge.
The Defendants, Hanson’s Seafood Dock (Hanson) and Louisiana Workers’ Compensation Corporation (LWCC), appeal a workers’ compensation judgment in favor of the Plaintiff, Johnell Smith. We affirm.
On June 1, 2000, the Plaintiff was working as a laborer for Hanson, unloading shrimp from boats to containers on Hanson’s dock in Port Sulphur, Louisiana. Hanson purchased the shrimp from the fishermen and resold it to local processors. The Plaintiff had been performing this work for approximately two weeks when he injured his back lifting a 100-pound ice chest with another worker. He informed Chris Hanson, who sent him to perform lighter work the rest of the day. When he returned the next day, the Plaintiff was still in pain. Hanson referred him to Dr. Russell Rawls who told Hanson that the Plaintiff was unable to work for a week. When the Plaintiff did not improve during that time, he referred him to Dr. Mark Juneau, an orthopedic doctor. On June 12, 2000, Dr. Juneau found the Plaintiff to be temporarily and totally disabled (TTD). On June 19, 2000, Dr. Juneau released the Plaintiff to light duty work. He was paid benefits for 18 days in the amount of $293.34, or $114.07 per week. He resumed work on July 11, 2001 and was paid $186.67 per week. His restrictions included a maximum weight lifting of 30 pounds and no ladder climbing. However, on that same day, the 1¡¿Plaintiff was arrested and subsequently incarcerated. His benefits were discontinued.
On March 26, 2001, the Plaintiff filed a Disputed Claim for Workers’ Compensation to recover the benefits that had been discontinued when he was sent to prison. On May 24, 2001, the Plaintiff was released from prison. He resumed medical treatment for his back and his workers’ compensation benefits were reinstated on July 11, 2001. He was paid $186.67 per week. The Plaintiff subsequently chose his own orthopedic surgeon, Dr. Kenneth Adatto. In January of 2002, Dr. Adatto recommended back surgery. The request was denied.
On February 6, 2002, the trial was held. The workers’ compensation judge found that the Plaintiff is entitled to all medical and transportation expenses resulting from the accident, that he is entitled to TTD benefits from May 24, 2001 until the present, that his average weekly wage was $430, that he forfeited benefits during his incarceration, that he failed to prove that his wife and child depended on him for support, that the surgery recommended by Dr. Adatto was reasonable and necessary, and that the Defendants were arbitrary and capricious in incorrectly calculating the benefits and for refusing to authorize the surgery. She awarded the Plaintiff $2,000 for penalties and $2,000 for attorney’s fees.
On appeal, the Defendants contend that the workers’ compensation judge erred in calculating the Plaintiffs wages, in awarding benefits from May 24, 2001, in finding them arbitrary and capricious and awarding penalties and attorney’s fees.
The appellate court’s review of the workers’ compensation judge’s findings of fact is governed by the manifest error or clearly wrong standard and will not be disturbed absent such a finding. Campbell v. Gootee Const. Co., 99-913, p. 9 (La. 5th Cir.1/12/00), 756 So.2d 449, 453.
j^WAGES
The Defendants assert that the trial judge erred in calculating the Plaintiffs wages because he was a seasonal employee and his wages are calculated under La.R.S. 23:1021(10)(v)(aa)(bb). They contend that his wages are lower under this formula, but they do not state the figure that they *281 contend should have been used to calculate the disability wage benefits. Under the statute, a seasonal employee is paid as follows:
v) For an employee in seasonal employment, his annual income divided by fifty-two.
(aa) For purposes of this Subpara-graph, seasonal employment shall be any employment customarily operating only during regularly recurring periods of less than forty-four weeks annually.
(bb) If the employee was not engaged in the seasonal employment more than one year prior to the accident, his annual income shall be the average annual income of other employees of the same or most similar class working in the same or most similar employment for the same employer or, in the event that the employee was the only individual engaged in that specific employment, then his annual income shall be the average annual income of other employees of the same or most similar class working for a neighboring employer engaged in the same or similar employment.
At trial, Chris Hanson testified that shrimp fishing is seasonal. He stated that there are two shrimp fishing seasons, the brown shrimp season is from May to June and the white from August until the beginning of November. Chris Hanson testified that he paid the Plaintiff twice before the accident and that the Plaintiffs base pay was $5.15 per hour. Hanson paid cash bonuses when he made a profit. In the Plaintiffs first paycheck dated May 27, 2000, his gross pay was $200.85. He also received a cash bonus of $165. On June 3, 2000, his gross pay was $319.30, with a bonus of $175. The workers’ compensation judge apparently divided the total of $365.85 | >¡($200.85 + $165.00) and $494.30 ($319.30 + $175.00) to arrive at a weekly wage of $430.[1]
Clearly this is seasonal work. However, the Plaintiff had not worked in the shrimp seasonal industry prior to working for Hanson and there is no annual history to base wages on. In that case, the statute states that the wages are to be calculated based on workers similarly employed in that work for the same employer or another employer in the same industry. There was no evidence presented at trial of the annual wages of similarly employed workers in either Hanson’s employ or any other employer doing the same work. Thus, we find that the workers’ compensation judge did not err in using the wages which the Plaintiff received for his two weeks of employment as a seasonal shrimp industry worker to calculate his base wage.
TEMPORARY TOTAL DISABILITY
The Defendants assert that the workers’ compensation judge erred in finding that TTD benefits were due from May 24, 2001, the date that the Plaintiff was released from prison, rather than July 11, 2002, the date the Defendants were informed by the doctor that the Plaintiff was disabled. The workers’ compensation judge apparently believed that the Plaintiffs condition worsened during his time in jail. The Plaintiff testified that very little medical care was available to him during his incarceration. Since there was no allegation or evidence that there was an intervening cause of this disability, we find no error in her determination that the benefits are due from the date of his release from prison.
In respect to his incarceration, the Plaintiff argues that he was entitled to benefits during that period because he was supporting his wife and ^daughter. See: La.R.S. 23:1201.4. However, we cannot address this issue because the Plaintiff failed to cross-appeal or file a formal answer to *282 the appeal. See: La.C.C.P. art. 2121; C.C.P. art. 2133.
PENALTIES AND ATTORNEY’S FEES
La. R.S. 23:1201 F provides for the imposition of penalties and attorneys fees when indemnity or medical benefits due to the claimant are not paid timely. However, under R.S. 23:1201 F(2), this does not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control. In order to reasonably controvert a claim, a defendant must have some valid reason or evidence upon which to base his denial of benefits. Brown v. Texas-La Cartage, Inc., 98-1063, p. 9 (La.12/1/98), 721 So.2d 885, 890. Thus, the court must determine whether a defendant is engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. Id. The assessment of penalties and attorney’s fees by the worker’s compensation judge is a factual question, which will not be disturbed on appeal in the absence of manifest error. Campbell, 99-913 at p. 9, 756 So.2d at 453.
In this case, the claim for surgery was not reasonably denied. The only explanation for denying the authorization for surgery by the claims adjuster was that she or the insurer was waiting for Dr. Juneau’s opinion after an examination that had been scheduled on January 30, 2002. However, the authorization was denied, not postponed, pending receipt of this information. In addition, although the claims adjuster testified that the insurer wanted an IME, it had not formally filed a request as required by the statute, nor did it file a motion for continuance. In addition, the Plaintiff had been totally disabled for at least six months and had been diagnosed by a magnetic resonance imaging test with a herniated disc in July 17of 2001. Thus, there was no basis to refuse the surgery at the time it was requested. In addition, the workers’ compensation judge correctly determined the wage base for the award of wage benefits. Furthermore, the Defendants fail to reasonably explain why the Plaintiff was paid different indemnity amounts or how the Defendants arrived at the amounts that they paid ($114.07 for 18 days until his incarceration and $186.67 per week starting in July of 2001). Thus, the Defendants failed to show that the refusal for surgery - and the indemnity amounts were reasonably controverted. Thus, we find no manifest error in the awards for penalties and attorney’s fee awards.
Accordingly, the judgment of the workers’ compensation court is hereby affirmed. Costs of this appeal are to be paid by the Defendants.
AFFIRMED.

. The total is actually $430.37.